Pennington, J.
No doubt but the grammatical con-
struction of the terms of reference will justify your explanation of the rule. But I should be glad to be informed what judgment can he rendered on this report. Griffith. The defendant is entitled to the benefit [641] of his report; and if judgment cannot regularly be obtained on it, it can be enforced by attachment; or an action can be-brought on it. 1 Burr. 278. The case of Read v. Hillyer, in this court, is in point.
Kirkpatrick, C. J.
It is the constant practice of tins court to receive and confirm reports of this nature, in actions of ejectment. When this practice first came up, the same objection was started as is now started by Judge Pennington; but it was got over, and it has become a general practice.
Rosselr, J.
Was of the same opinion.
Pennington, J.
If this has become a settled law [*] of the court, I certainly have no wish to disturb it, and my brethren say that it has. But it does certainly appear h> me a crude, incongruous proceeding; the tenant, in a writ of right, might as well recover a sum of money. John Den,, lessor of Cranmer, brings an action of ejectment against Taylor; this action, though in form a mixed action, is in substance, especially in this State, a real action. This cause is submitted to referees, and the referees report that the defendant recover of the lessor of the plaintiff, a large sum of money; and that the defendant shall leave the premises he now occupies. I admit that the lessor of the plaintiff is *442 the substantial party; but the forms of the action must be observed, and a regular .case appear on the record. Surely nobody ever heard before,- of the defendant in ejectment recovering a sum of money, either of the plaintiff or his lessor; or a judgment the defendant shall leave the premises he occupies; nor that the plaintiff recover possession of them; no judgment can be rendered on this report.
M’llvaine, for the plaintiff.
Eeport ordered to be filed and confirmed.